IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VICTORIA INSURANCE COMPANY, )
)
    Plaintiff, )
)
v. ) Civil Action No. 08-909
)
MINCIN INSULATION SERVICES, INC., )
)
    Defendant. )

AMBROSE, Chief District Judge.

**OPINION
AND
ORDER OF COURT**

    The Plaintiff, Victoria Insurance Company, ("Victoria"), with its principal place of business in Michigan, brings this declaratory judgment action against the Defendant, Mincin Insulation Services Inc., ("Mincin"), a Pennsylvania corporation. Subject matter jurisdiction over this case is pursuant to diversity of citizenship, 28 U.S.C. §1332. Mincin moves to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted due to lack of ripeness and pursuant to Fed.R.Civ.P. 12(b)(7) for failure to join a required party under Fed.R.Civ.P. 19. Since Victoria's declaratory judgment action does not present a ripe case with respect to the question of Victoria's duty to indemnify, but does present a ripe case with respect to the duty to defend, Mincin's motion is granted in part and denied in part. Additionally, there are not any absent parties with a legal interest that are required under Fed.R.Civ.P. 19, thus Mincin's motion to dismiss under 12(b)(7) is denied.

1

## Factual Background

This dispute arises out of an underlying case in the Court of Common Pleas of Allegheny County wherein Mincin was sued by Michael McHugh ("Injured Party"), for negligent hiring, supervising and training of its employees that resulted in the beating of the Injured Party, an employee of Mincin, by two fellow employees of Mincin. Victoria insured Mincin under a Commercial General Liability Coverage Policy during the time of the incident that gave rise to the underlying case. Upon receiving the underlying complaint Victoria advised Mincin that coverage would be excluded because the Injured Party was an employee of Mincin working in the course of his employment when the injury occurred, that punitive or exemplary damages served as a basis for limiting indemnity obligations and the assault and battery exclusion specifically excluded defense and indemnification obligations of Victoria for the allegations contained in the complaint. On or about January 8, 2008, Mincin requested reconsideration of Victoria's position to defend and indemnify due to new information. Victoria reiterated its position regarding the excluded coverage, however, in light of the new information Victoria informed Mincin that it would undertake a defense of the case under a reservation of rights. Victoria seeks a declaratory judgment that they do not have a duty to defend or a duty to indemnify Mincin in the underlying lawsuit.

## Legal Standard

Mincin's motion to dismiss states that the motion is being brought pursuant to Fed.R.Civ.P. 12(b)(6) and 12(b)(7). However, the basis for Mincin's motion under Rule 12(b)(6) is that the declaratory judgment action is not ripe. The Third Circuit in discussing ripeness has said that "it seems clear that [ripeness] is at least partially grounded in the case or controversy requirement." Armstrong World Industries, Inc. by Wolfson v. Adams, 961 F.2d 405, 411 n. 12 (3d Cir. 1992).

Ripeness thus affects justiciability and a motion to dismiss an unripe claim should be presented pursuant to Fed.R.Civ.P. 12(b)(1). Taylor Investment, LTD. v. Upper Darby Township, 983 F.2d 1285, 1290 (3d Cir. 1993), see 13B C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure §3532.7 (3d ed. 2008). As a result, I shall treat Mincin's motion as a motion under Rule 12(b)(1) with respect to the arguments concerning lack of ripeness.

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be made as either a facial attack that contests the sufficiency of the pleadings to allege subject matter jurisdiction or a factual attack that seeks to prove that the court lacks subject matter jurisdiction regardless of what the complaint alleges. Mortensen v. First Federal Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977); NE Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 n.7 (3d Cir. 2001). Akin to a motion to dismiss under Rule 12(b)(6), a facial attack under 12(b)(1) requires the court to accept the complaint's allegations as true and afford the plaintiff all favorable inferences drawn therefrom. Mortensen, 549 F.2d at 891. With a factual attack, however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. Under either attack, it is the plaintiff that bears the ultimate burden to prove that jurisdiction does in fact exist. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)(citing Mortensen, 549 F.2d at 891).

Since Mincin's 12(b)(1) argument is that the complaint as alleged lacks ripeness , I find this to be a facial attack to subject matter jurisdiction. Although I do recognize that deciding Mincin's motion under Rule 12(b)(1) instead of 12(b)(6) shifts the burden upon Victoria whereas it would be on Mincin if the motion remained under 12(b)(6), see Fidelcor, 926 F.2d at 1409, I find that Victoria

3

will not be prejudiced as they have briefed the ripeness issue such that their interests are protected.

As to Mincin's claim that the complaint must be dismissed for failure to join a required party, Fed.R.Civ.P. 19 provides an analytical framework for determining when the joinder of a particular party is compulsory. Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404 (3d Cir. 1993) The analysis is comprised of two distinct inquiries. The first inquiry addresses whether the party sought to be joined is "required":

> (**1**) **Required Party**. A person who is subject to service or process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> - (**A**) in that person's absence, the court cannot accord complete relief among existing parties; or
> - (**B**) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>   - (**i**) as a practical matter impair or impede the person's ability to protect the interest; or
>   - (**ii**) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed.R.Civ.P. 19(a) (2007). Notably, "[c]lauses [(A) and (B)] of Rule 19(a) are phrased in the disjunctive and should be so treated." Janney, 11 F.3d at 405 (citations omitted).

If a party is deemed to be "required," the court must then determine "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b) (2007). The court should consider the following four factors in making this assessment:

> (**1**) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (**2**) the extent to which any prejudice could be lessened or avoided by:

> (**A**) protective provisions in the judgment;
> (**B**) shaping the relief; or
> (**C**) other measures;
> (**3**) whether a judgment rendered in the person's absence would be adequate; and
> (**4**) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

Fed. R. Civ. P. 19(b) (2007).

Thus, in disposing of Mincin's Motion, I must first determine whether the proposed parties are, in fact, required and, if required, whether this action should be dismissed if joinder is not feasible.

## ANALYSIS

### A. Lack of Ripeness

"The existence of a case and controversy is a prerequisite to all federal actions, including those for declaratory or injunctive relief." Peachlum v. City of York, 333 F.3d 429, 433 (3d Cir. 2003)(quoting Presbytery of New Jersey of Orthodox Presbyterian Church v. Florio, 40 F.3d 1454, 1462 (3d Cir. 1994)). The Supreme Court has stated:

> The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. . . It must be a real and substantial controversy admitting of specific relief though a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 240-41 (1937). Courts have stated that ripeness is a question of timing and "its basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Taylor v. Upper Darby, 983 F.2d 1285, 1290 (3d Cir. 1993)(quoting Abbott Lab v. Gardner, 387 U.S. 136, 148 (1967)).

The Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction . . . Any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. §2201. In the context of ripeness in declaratory judgment actions, the Third Circuit has provided a three part inquiry that is useful in determining the ripeness of the claims in this case: (1) adversity of the interest of the parties; (2) the conclusiveness of the judicial judgment; and (3) the practical help, or utility, of that judgment. Step-Saver Data Systems, Inc. v. Wyse Technology, 912 F.2d 643, 647 (3d Cir. 1990), *see also* Philadelphia Federation of Teachers v. Ridge, 150 F.3d 319, 323 (3d Cir. 1998)(recognizing an alternative test available to determine ripeness in declaratory judgment actions).

In Victoria's Complaint for declaratory judgment, Victoria asks the court to declare that:

(a) Victoria does not have a duty to defend Mincin in the Lawsuit filed by Michael McHugh in the Court of Common Pleas of Allegheny County; and

(b) Victoria does not have a duty to indemnify Mincin for any award, settlement, verdict or judgment in the Lawsuit filed by Michael McHugh in the Court of Common Pleas of Allegheny County.

(Docket No. 1 ¶23.) Since the policy at issue in this case appears to be silent as to what law governs and both parties seem to implicitly agree based on their briefs that Pennsylvania law applies, I will apply Pennsylvania substantive law in determining the ripeness of Victoria's claims. *See* Whole Enchilada, Inc. v. Travelers Property Cas. Co. of America, 581 F.Supp.2d 677, 689 (W.D. Pa. 2008)(citations omitted)(applying Pennsylvania Law to an insurance contract where the parties

implicitly agreed to apply Pennsylvania substantive law).

Under Pennsylvania law, the duty of an insurer to defend the insurer is a separate and distinct obligation from the insurer's duty to indemnify the insured. Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 225 (3d Cir. 2005)(citations omitted); Erie Ins. Exchange v. Transamerican Ins. Co., 533 A.2d 1363, 1368 (Pa. 1987). Since the duty to defend and indemnify are separate and distinct obligations, and since Victoria asks for a separate declaration as to duty to defend and indemnify, I will determine the ripeness of these claims separately.

1. Duty to Defend

"Under Pennsylvania Law, an insurance company is obligated to defend an insured whenever the complaint filed by the injured party may *potentially* come within the policy's coverage. Pacific Indem. Co. v. Linn, 766 F.2d 754, 760 (3d cir. 1985)(emphasis in original)(citations omitted). Mincin argues that the controversy for which declaratory judgment is requested is not ripe because there are facts averred in the underlying litigation that would trigger a duty to defend. The question as to ripeness, however, is whether there are enough facts for the court to declare the rights of the parties without simply giving an advisory opinion on hypothetical facts. Aetna Life Ins. Co. 300 U.S. at 240-41.

The established facts demonstrate that there is adversity of the interests of the parties. Mincin argues that the policy exclusions that Victoria points to in the complaint could not conclusively apply and therefore the determination of a duty to defend at this time is premature. Victoria will argue that the policy exclusions do apply to the facts alleged in the underlying complaint. Therefore this is a real dispute based on present existing facts.

As to conclusiveness, since the insurer's duty to defend is determined by the allegations in

the underlying complaint, *see* Pacific Indem. Co. v. Linn, 766 F.2d at 760, the existence of the underlying complaint is all that is required to make a final determination of the existence or non-existence of an insurer's duty to defend a particular case. The duty to defend "is based solely on a reading of the complaint, and is not contingent on the imposition of liability." American States Ins. v. Component Technologies, Inc., 420 F.Supp.2d 373, 376 (M.D. Pa. 2005)(citing Gene's Restaurant, Inc. v. Nationwide Ins. Co., 548 A.2d 246 (Pa. 1988). Thus, additional facts would not be required to find that a case or controversy is ripe.

As to the utility or practical help of a declaratory judgment, both parties would find a determination of the existence or non-existence of a duty to defend useful. The usefulness of a declaration of the existence or non-existence of a duty to defend is not contingent on the outcome of the underlying lawsuit. Since the duty to defend is broader than the duty to indemnify, the declaration of no duty to defend by implication results in there being no duty to indemnify. Sikirica v. Nationwide Ins. Co., 416 F.3d at 225-226 (citing Mut. Benefit Ins. Co. v. Haver, 725 A.2d 743, 746 n.1 (Pa. 1999); Erie Ins. Exch. v. Claypoole, 673 A.2d 348, 356 n.3 (Pa.Super. 1996)). Clearly this determination will have a real use and purpose to both parties. Additionally, the Third Circuit has commented on the practical utility of a declaratory judgment of a duty to defend:

> It would turn the reality of the claims adjustment process on its head to hinge justiciability of an insurance agreement on the maturation of a suit to a judgment when the overwhelming number of disputes are resolved by settlement. The respective interests and obligations of insured and insurers, when disputed, require determination much in advance of judgment since they will designate the bearer of ultimate liability in the underlying cases and hence the bearer of the onus and risks of settlement. So viewed, the controversy is then quite proper for a judicial determination now. To delay for the sake of more concrete development would prevent the litigants from shaping a settlement strategy and thereby avoiding unnecessary costs. . . This

> court and others have by now well established that a disagreement on the insurer's obligations to defend is a "case or controversy."

AcandS, Inc. v. Aetna Cas. and Sur. Co., 666 F.2d 819, 823 (3d Cir. 1981)(citations omitted).

Mincin's motion to dismiss for failure to state a claim upon which relief can be granted due to lack of ripeness is denied.

2. Duty to Indemnify

Under Pennsylvania Law, "[a]n insurer is required to indemnify only where the insured is held liable for a claim actually covered by the policy." USX Corp. v. Adriatic Ins. Co., 99 F.Supp.2d 593, 611 (W.D. Pa. 2000)(citing General Accident Ins. Co. of America v. Allen, 692 A.2d 1089, 1095 (Pa. 1997)).

> As a general rule, a court entertaining a declaratory judgment action in an insurance coverage case should refrain from determining the insurer's duty to indemnify until the insured is found liable for damages in the underlying action. Home Ins. Co. v. Law Offices of Jonathan DeYoung, 107 F.Supp.2d 647, 650 (E.D. Pa. 2000); see also Home Ins. Co. v. Perlberger, 900 F.Supp. 768, 773 (E.D. Pa. 1995)(noting that the adversity of the party's interests as to the duty to indemnify is not complete until after resolution of the underlying litigation, when it is clear whether the insured can assert an indemnity claim against the insurer).

Cincinnati Ins. Companies v. Pestco, Inc., 374 F.Supp.2d 451, 464-65 (W.D. Pa. 2004).

Since there is not yet a judgment in the underlying action, there is not yet any adversity of interest with respect to duty to indemnify. Victoria is defending under a reservation of rights and at this time shares the interest of proving that Mincin is not liable in the underlying suit. This shared interest of Victoria and Mincin will continue until either it is determined there is no duty to defend any of the claims, thus extinguishing the duty to indemnify, or the underlying lawsuit is resolved. *See* Hartford Fire Ins. Co. v. Interdigital Communications Corp., 464 F.Supp.2d 375, 379-380 (D.

Del. 2006); American States Ins. Co. v. Component Technologies, Inc., 420 F.Supp.2d 373, 375 (M.D. Pa. 2005).

Likewise, a declaratory judgment on the existence or non-existence of a duty to indemnify before resolution of the underlying lawsuit would not be conclusive. A decision on the duty to indemnify would be contingent on the outcome of the underlying lawsuit, thus requiring a court to make a decision on hypothetical facts. Component Technologies, 420 F.Supp.2d at 375. "This [creates] the risk that, subsequent to the hypothesized declaratory judgment and the termination of the state-court litigation, yet a third round of litigation would be required to determine whether the state-court decisions were within the scope of the declaratory judgment." Perlberger, 900 F.Supp. at 773 (citing Step-Saver, 912 F.2d at 643).

Additionally, since a declaratory judgment on the duty to indemnify will be contingent on the outcome of the underlying lawsuit, the declaratory judgment's utility is also contingent. To that end, it would be a waste of the parties' time and money to adjudicate the duty to indemnify on hypothetical facts without knowing that the judgment will serve a practical purpose. The Third Circuit has held that a decision on the duty to indemnify is premature before there is a resolution of the underlying lawsuit. C.H. Heist Caribe Corp. v. American Home Assur. Co., 640 F.2d 479, 483 (3d Cir. 1981). Although the court can declare by implication that there is no duty to indemnify based on the finding of no duty to defend, that does not convert the duty to indemnify issue into a ripe controversy requiring the court to consider hypothetical facts. Simply stated, at this time the court cannot *separately* declare the existence or non-existence of a duty to indemnify. Thus, Mincin's motion to dismiss Victoria's request to declare that Victoria does not have a duty to indemnify Mincin in the underlying case is granted without prejudice.

**B. Failure to Join Required Party Under Rule 19**

Mincin argues that pursuant to Pennsylvania's Declaratory Judgment Act, 42 Pa.C.S. §7540 the injured party in the underlying lawsuit must be joined in a declaratory judgment between an insurer and insured on the issue of coverage. The Supreme Court of Pennsylvania has held that "where claims are asserted against an insured, the person asserting the claims are indispensable parties in a declaratory judgment action on the issue of coverage between the insured and the insurance carrier. The failure to join a claimant whose interest would be affected has been held to be a fatal error." Vale Chemical Co. v. Hartford Accident and Indem. Co., 516 A.2d 684, 686 (Pa. 1986)(citations ommited).

The rule from Vale, however, is not a rule of substantive law for Erie purposes that a federal court must apply in cases based upon diversity jurisdiction. A federal court hearing a case based on diversity must apply the substantive law of the forum state. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). The Third Circuit has stated, "Vale did not announce substantive principles of law for Pennsylvania courts to apply in insurance coverage disputes. Rather Vale addressed procedural and jurisdictional issues. . . since Vale is a procedural and jurisdictional ruling, Erie does not require the district court to apply Pennsylvania law. . ." Liberty Mutual Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 229 (3d Cir. 2005). Therefore, since Vale is only the procedural law of Pennsylvania, it will not violate "the twin aims of the Erie rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws" Hanna v. Plumer, 380 U.S. 460, 468 (1965), to apply Fed.R.Civ.P. 19 to the question of whether the Injured Party in the underlying lawsuit is a "required" party.

Under an analysis of Rule 19(a), the underlying Injured Party is not a required party in this

declaratory judgment action. The court can accord complete relief among Victoria and Mincin in the absence of the Injured Party without violating Rule 19(a). There are no allegations or claims made against the Injured Party and his presence in the lawsuit is not necessary for a determination of the existence or non-existence of a duty to defend. *See* Spring-Ford Area School District v. Genesis Ins. Co., 158 F.Supp.2d 476, 483 (E.D. Pa. 2001).

Additionally, under Rule 19(a)(1)(B), the Injured Party does not have a legal interest "relating to the subject of the action." The Third Circuit has stated, "'a party is only 'necessary' if it has a legally protected interest, and not merely a financial interest, in the action.'" Treesdale, 419 F.3d at 230 (quoting Spring-Ford, 158 F.Supp.2d at 483). The only interest that the Injured Party could potentially have is for satisfaction of a potential judgment against Mincin that Mincin cannot satisfy, for which Victoria may be liable. This hypothetical interest is merely a financial interest that does not make the Injured Party "required" under Rule 19(a). *See* Spring-Ford, 158 F.Supp.2d at 483 (citing Coregis Ins. Co. v. Wheeler, 180 F.R.D. 280, 283 (E.D. Pa. 1998)(citations ommited)).

Since the Injured Party is not "required" under Rule 19(a), there is no need to consider the result if the Injured Party's joinder is not feasible under Rule 19(b). Mincin's motion to dismiss pursuant to Rule 12(b)(7) is denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VICTORIA INSURANCE COMPANY, )
)
      Plaintiff, )
)
    v. )   Civil Action No. 08-909
)
MINCIN INSULATION SERVICES, INC., )
)
      Defendant. )

AMBROSE, Chief District Judge.

### ORDER OF COURT

AND NOW, this 14th day of January, 2009, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is Ordered that the Defendant's Motion to Dismiss (Docket No. 5) is granted in part, without prejudice, with respect to Plaintiff's request that there is no duty to indemnify and denied in part in all other respects.

It is FURTHER ORDERED that a case management conference is scheduled for January 28, 2009, at 9:30 AM before Donetta W. Ambrose.

                                                                 BY THE COURT:
                                                              /s/ Donetta W. Ambrose
                                                              Donetta W. Ambrose
                                                              Chief U.S. District Judge

Dated: January 14, 2009

cc/ecf: All counsel of record.